IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-54-FL
No. 5:12-CV-290-FL

| | |
|---|---|
| TIMOTHY ROOSEVELT EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 84), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government has filed a motion to dismiss (DE 88), to which petitioner has responded. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation (M&R) wherein it is recommended that the court dismiss petitioner's motion to vacate. (DE 93). Petitioner filed objections to the M&R. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the court dismisses petitioner's motion.

**BACKGROUND**

Petitioner pleaded guilty pursuant to a plea agreement to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On November 4, 2008, petitioner was sentenced to a term of 92 months imprisonment. Petitioner appealed and the conviction was affirmed. On May 24, 2012, petitioner filed the instant motion pursuant to 28 U.S.C.

§ 2255, arguing that his offense level computation for purposes of his guidelines sentencing range was erroneous in light of Simmons. Petitioner also submitted a letter on July 29, 2013, asserting a basis for relief under Moncrieffe v. Holder, 132 S.Ct. 2791 (2012). The government contends that petitioner's motion is untimely and not cognizable.

## DISCUSSION

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691

2

F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Petitioner suggests, nonetheless, that equitable tolling is warranted.  An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002).  A petitioner is "only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him from timely filing.  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Petitioner suggests that equitable tolling should apply because Miller announced a new rule of substantive law that is retroactively applicable on collateral review.  He suggests it is wholly arbitrary and a miscarriage of justice to treat his Simmons claim as untimely solely because the Fourth Circuit, rather than the Supreme Court, recognized the new rule of substantive law.

Accepting petitioner's argument, however, would render the limitations rule in (f)(3), and the court's ruling in Powell, meaningless.  In addition, no miscarriage of justice has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent base offense level enhancement. See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part).

Accordingly, the court declines to apply equitable tolling and dismisses petitioner's motion as untimely.

B. Additional claim

Petitioner also asserts a basis for relief under Moncrieffe v. Holder, 132 S.Ct. 2791 (2012).  This claim must be dismissed for the same reason as petitioner's Simmons claim.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on whether the petition is untimely in light of the Fourth Circuit's decision in Miller.

**CONCLUSION**

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge to the extent set forth herein, GRANTS the government's motion to dismiss (DE 88), and DISMISSES petitioner's motion to vacate and supplemental motion (DE 84). A certificate of appealability is GRANTED on the terms set forth herein.

SO ORDERED, this 28th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge